**BIN LIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–4500–ag.

United States Court of Appeals, Second Circuit.

March 30, 2007.

Morry Cheng, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney; Gerard J. Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Bin Lin, a native and citizen of the People's Republic of China, seeks review of an August 30, 2006 order of the BIA affirming the July 29, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Lin,* No. A95 146 651 (B.I.A. Aug. 30, 2006), *aff'g* No. A95 146 651 (Immig. Ct. N.Y. City July 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

█ As a preliminary matter, we lack jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally, and without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring it to a three-member panel. *See Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006) (per curiam). Accordingly, the petition for review is dismissed as to this claim.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006).

█ Substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably found it implausible that, given the threat he allegedly faces, Lin would return to China from three separate trips to three separate countries. Lin testified that he faced "severe punishment" and could "be killed" if he returned to China. Nevertheless, he stated that after traveling to Malaysia, Singapore, and Indonesia on three separate occasions, he returned to China. The IJ reasonably rejected Lin's explanation that he returned to Fuzhou City "temporarily," and not to his own home. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (empha-

sizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Because the IJ had a "supportable basis" for finding this aspect of Lin's testimony implausible, it substantiated her adverse credibility finding. *See Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

Additionally, the IJ properly relied on the inconsistency between Lin's testimony that his father taught him Falun Gong, and his written application indicating that he learned Falun Gong with his uncle. Lin testified that his father began practicing Falun Gong because he was "not in good physical condition," and had encouraged Lin to practice it. In contrast, Lin stated in his written application that he suggested to his uncle that they learn to practice Falun Gong together, as it might cure his uncle's depression over the death of his son and divorce from his wife. Given the markedly discrepant nature of these allegations, the IJ reasonably discredited Lin's explanation that the preparers of his application, who were not attorneys, "messed up." *See Majidi,* 430 F.3d at 80–81. Further, such discrepancies are not adequately explained by a translation error, as Lin argues before this Court, given their widely divergent nature and the fact that Lin does not dispute the content in other portions of his application. Because the inconsistency regarding how he began to practice Falun Gong involved the crux of his asylum claim, the IJ reasonably found that it, too, diminished his credibility. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Other aspects of Lin's claim, while less obviously discrepant, taken cumulatively provided further support for the IJ's adverse credibility finding. *See Liang Chen v. U.S. Attorney Gen.,* 454 F.3d 103, 106–07 (2d Cir.2006) (per curiam) ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.") (internal quotation marks and citations omitted). For instance, while Lin testified that he went into hiding in June 2000, he indicated in his written application that he was employed with a food company until December 2000. When invited to explain how he was able to evade the authorities when he remained employed, Lin clarified that he "seldom showed up," but his employer permitted him to stay out of "mercy." The IJ did not err in finding this testimony implausible and properly rejected Lin's explanation.

Further, the IJ reasonably gave diminished weight to Lin's documents. Although the IJ misread one of Lin's wife's letters to be from a friend, "Chow Fung Won," the IJ accurately observed that the letter did not mention Lin's arrest. Because this omission involved the crux of Lin's asylum claim, it supported the IJ's decision to give diminished weight to his supporting documents. *See Xiao Ji Chen,* 471 F.3d at 342.

Finally, there is no indication that the IJ did not consider Lin's testimony that he continued to practice Falun Gong in New York City. *See Xiao Ji Chen,* 471 F.3d at 336, n. 17 (where the agency has given reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented). Thus, the IJ's adverse credibility determination was supported by substantial evidence, as was her denial of Lin's asylum application.

Because the only evidence of a threat to Lin's life or freedom or a likelihood that he would be tortured depended upon his credibility with respect to his Falun Gong claim, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. The pending motion for a stay of removal in this petition is DISMISSED as moot.